AO 442 (Rev/11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Yahya Bilal<br><br>*Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECEIVED**
By USMS at 10:20 am, Jan 09, 2026

Docket Number  [0647 1:20CR00458]-[001]

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Judge without unnecessary delay
*(name of the person to be arrested)*  Yahya Bilal                                             ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint

☐ Probation Violation Petition   ☒ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
Illicit Drug Use, Violation of Standard Conditions 2 and 4, Unknown Whereabouts

Date  12/11/2025

_s/Donald C. Nugent_
*Issuing officer's signature*

Donald C. Nugent, UNITED STATES DISTRICT JUDGE

City and state:  **Cleveland, OH**

*Printed name and title*

---

### Return

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)*                            .

Date: _____

*Arresting officer's signature*

*Printed name and title*

Case: 2:26-mj-00407-NMK Doc #: 1 Filed: 06/23/26 Page: 2 of 12 PAGEID #: 2
Case: 1:20-cr-00458-DCN Doc #: 54 *SEALED* (Court only) Filed: 12/11/25 2 of 4.
PageID #: 245

AO 442 (Rev/11/11) Arrest Warrant

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: Yahya Bilal

Known aliases: Also Known As - B-Good, Yo
Also Known As - Brown, John Barnes
Also Known As - Harris, John
Also Known As - Good, Johnny B
True Name - Barnes, John Wesley
Also Known As - Barnes, John W.
Also Known As - Barnes, Ya-Ya
Also Known As - Watson, Tony
Also Known As - Watson, John
Also Known As - Barnes, Rico
Also Known As - Baynes, John
Also Known As - Barnes, John

Last known residence and Phone numbers :   1435 East Blvd.
Apt. #114
Cleveland, OH 44106
EMail Address: yahyabilal328@gmail.com
Phone Number (current)330-261-8060
(old number)380-273-6620

Prior addresses to which defendant/offender From Date: 04/03/2014 - To Date: 04/10/2014
may still have ties:   90 W. Salome Avenue
Akron, OH 44310

From Date: 04/10/2014 - To Date: 06/24/2019
327 Pratt Street Southeast
Niles, OH 44446

From Date: 02/03/2025 - To Date: 07/04/2025
895 East 74th Street
Cleveland, OH 44103

From Date: 11/27/2023 - To Date: 02/03/2025
629 Paige Avenue Northeast
Warren, OH 44483

From Date: 07/11/2019 - To Date: 11/27/2023
2614 Hamilton Street Southwest
Warren, OH 44485

From Date: 06/24/2019 - To Date: 07/10/2019
3465 Prange Drive
Cuyahoga Falls, OH 44223

From Date: 07/04/2025 - To Date: 11/21/2025
6367 Rippey Circle
Reynoldsburg, OH 43068

Case: 2:26-mj-00407-NMK Doc #: 1 Filed: 06/23/26 Page: 3 of 12 PAGEID #: 3
Case: 1:20-cr-00458-DCN Doc #: 54 *SEALED* (Court only) Filed: 12/11/25 3 of 4.
PageID #: 246

AO 442 (Rev/11/11) Arrest Warrant

Last known employment: Unemployed

Place of birth:  Cleveland, Ohio

Date of birth:   January 15, 1968

Social Security Number:  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

FBI number: 462593HA6

| | | | | | |
|---|---|---|---|---|---|
| Height:  5' 9" | Hair: | None | | Sex: | Male |
| Weight: 200 lbs. | Eyes: | Brown | | Race: | Black or African American |

Scars, tattoos, other distinguishing marks: Tattoo - skull on underside of left forearm
Tattoo - "Jonnita" on top of left forearm

History of violence, weapons, drug use: CCH: RSP, ATT. GRAND THEFT MV, CRIM TRESPASS, ROBBERY, ATT. AGG ROBBERY W/ FIREARM SPECIFICATION, NO DL, ENDANGERING PERSON DRIVING ON BERM, RESISTING ARREST, DUS, AGG, ROBBERY W/ FIREARM SPECIFICATION, KIDNAPPING, DV, VIOLATION OF TPO, DRUG ABUSE POSSESSION OR USE MARIJUANA, FAIL TO CONTROL/ WEAVING, FELON IN POSSESSION OF FIREARM AND AMMUNITION, ARSON.

USES MARIJUANA AND ALCOHOL

MENTAL HEALTH -BIPOLAR, DEPRESSION, PARANOID SCHIZOPHRENIA - NOT MEDICATED

Known family, friends, and other associates *(name, relation, address, phone number)*: Hangs out with a friend in Reynoldsburg/ Columbus-Bianca Sanders. drives a 2019 gray Chevy. 3107 Dewbourne Drive Reynoldsburg, Oh 43068

Complete description of auto: No vehicle information.

Investigative agency and address: Carl B. Stokes United States Court House
801 West Superior Avenue , 3-100
Cleveland, OH 44113

Name and telephone numbers (office and cell) of pretrial services or probation officer Meredith Longstreet
Cell Phone1: 216-272-4155
Office Phone2: 216-357-7344
*(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: 12/02/2025

Case: 2:26-mj-00407-NMK Doc #: 1 Filed: 06/23/26 Page: 4 of 12 PAGEID #: 4
Case: 1:20-cr-00458-DCN Doc #: 54 *SEALED* (Court only) Filed: 12/11/25 4 of 4.
PageID #: 247

AO 442 (Rev/11/11) Arrest Warrant

Name: Yahya Bilal

Probation ID Number: 366856

Marshal/Register Number: 60164-060



| DATE 12/11/2025 | U. S. Pretrial Services and Probation Office Northern District of Ohio | **VIOLATION REPORT** **Warrant Request** | | PROB 12C (Rev. 11/2017) |
|---|---|---|---|---|

| NAME BILAL, Yahya | | PACTS 366856 | JUDGE NUGENT | DOCKET # 1:20CR00458-001 |
|---|---|---|---|---|

| SENTENCE DATE 08/17/2021 | SUPERVISION TYPE TSR | CRIMINAL HIST V | OFFENSE LEV 19 | PHOTO |
|---|---|---|---|---|

| ASST. U.S. ATTORNEY Joseph H. Walsh Joseph.Walsh@usdoj.gov 216-622-3833 | DEFENSE ATTORNEY Alvaro DeCola Alvaro_DeCola@fd.org 330-375-5739 |
|---|---|

**REPORT PURPOSE**

JUDICIAL RESPONSE REQUESTED

**ORIGINAL OFFENSE**
**Count 1**: 18 U.S.C. §§ 922(g)(1), 924(a)(2)- Felon in Possession of Firearm, a Class C felony.

**SENTENCE DISPOSITION**
48 months custody Bureau of Prisons, followed by a 3-year term of supervised release (commenced 11/27/2023).

**Violation: 05/06/2025:** On a previous date, 03/04/2025, Mr. Bilal admitted to Violations 1-4. The Court found Mr. Bilal to be in violation as claimed and admitted. On 05/06/2025, the Court revoked supervised released and ordered Mr. Bilal to serve a sixty (60) day custody Bureau of Prisons with supervision to follow until 11/27/2026, with the same conditions as previously ordered. (commenced 07/04/2025.)

**ORIGINAL SPECIAL CONDITIONS**
1. Mandatory Drug Testing.
2. Mental Health Treatment.
3. Search and Seizure.
4. Driver's License and Insurance.
5. Substance Abuse Testing.
6. DNA.

The probation officer believes that the person on supervision has violated the following condition(s) of supervision:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | **Illicit Drug Use:** On 11/21/2025, Mr. Bilal submitted a random drug screen that was sent out to the lab for testing. Mr. Bilal admitted it would be positive for marijuana. The screen was later confirmed positive for marijuana by Abbott Laboratories on 12/03/2025. |
| 2. | **Violation of Standard Condition #4: You must answer truthfully the questions asked by your probation officer.:** Mr. Bilal was not truthful with the probation officer on 12/01/2025. |
| 3. | **Violation of Standard Condition #2: After initially reporting to the probation office, you will received instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.:** Mr. Bilal was instructed |

1

| DATE<br>12/11/2025 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>BILAL, Yahya | | PACTS<br>366856 | JUDGE<br>NUGENT | DOCKET #<br>1:20CR00458-001 |

| | to report to the United States Pretrial Services and Probation Office on 12/08/2025; however, he failed to do so. |
|---|---|
| 4. | **Whereabouts Unknown:** As of the date of this report, the U.S. Probation Officer is unable to locate Mr. Bilal. |

**ADJUSTMENT TO SUPERVISION**

This report has been prepared to notify Your Honor of Mr. Bilal's noncompliance while on supervised release. This is the first report of noncompliance being submitted to the Court since Mr. Bilal recommenced supervised release. Please be aware of the following.

On July 5, 2025, Mr. Bilal recommenced his term of supervised release. On July 17, 2025, Mr. Bilal's supervision was transferred to the Southern District of Ohio as Mr. Bilal had stable housing with his significant other in Reynoldsburg, Ohio. On November 18, 2025, this officer received a call from Mr. Bilal's supervising officer who reported that Mr. Bilal was no longer permitted to reside in the Southern District of Ohio due to allegations of a domestic dispute between Mr. Bilal and his significant other. The Southern District of Ohio agreed to allow Mr. Bilal to remain in their district until November 21, 2025, at which time they closed interest in his supervision.

On November 21, 2025, Mr. Bilal returned to the Northern District of Ohio and completed his supervision intake. Mr. Bilal met with Supervisory United States Pretrial Services and Probation Officer Jennifer Truxall. During the intake, Mr. Bilal reported he understood his conditions of supervision and admitted to marijuana use. It was made clear to Mr. Bilal that he was not to leave the Norther District of Ohio or return to the Southern District of Ohio without receiving prior permission from the probation officer or the Court. Mr. Bilal advised he understood.

**Violation #1: Illicit Drug Use:** On November 21, 2025, Mr. Bilal submitted a random drug screen that was sent out to the lab for testing. Mr. Bilal admitted it would be positive for marijuana. The screen was later confirmed positive for marijuana by Abbott Laboratories on December 03, 2025.

On November 18, 2025, this office spoke with Mr. Bilal on the phone regarding his return from the Southern District of Ohio and his alleged noncompliance reported by the probation officer. During that conversation, Mr. Bilal was asked if he was using fake urine to pass his drug screens as he has a history of tampering with them. Mr. Bilal did not directly provide an answer but did eventually admit to actively using marijuana. Mr. Bilal was directed to report to the U.S. Probation Office in the Northern District of Ohio on November 21, 2025.

On November 21, 2025, Mr. Bilal reported to the U.S. Probation Office as directed and did provide an updated random drug screen. Mr. Bilal again stated the drug screen would be positive for marijuana. The screen was sent to Abbott Laboratories and was confirmed positive for marijuana on December 03, 2025. Mr. Bilal was verbally admonished for his drug use. Mr. Bilal was advised he will remain subject to random drug screens to ensure compliance with his conditions of supervision.

**Violation #2: Violation of Standard Condition #4: You must answer truthfully the questions asked by your probation officer.:** Mr. Bilal was not truthful with the probation officer on December

2

| DATE<br>12/11/2025 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>BILAL, Yahya | | PACTS<br>366856 | JUDGE<br>NUGENT | DOCKET #<br>1:20CR00458-001 |

01, 2025.

On December 01, 2025, this officer contacted Mr. Bilal at 07:36 AM to advise him that he needed to report into the U.S. Probation Office to complete required paperwork and his intake due to returning to the Northern District of Ohio. Mr. Bilal stated he was at the hospital with his cousin since the day prior (November 30, 2025). This officer directed Mr. Bilal to report to the office between the hours of 08:30 AM and 02:00 PM. This officer then sent another text message to Mr. Bilal and called him as he stopped responding. Mr. Bilal reported he was currently in the hospital with his cousin who had a baby but was heard driving in a vehicle. The motor of the vehicle could be heard while on the phone with Mr. Bilal. This officer asked if Mr. Bilal was in a vehicle which he admitted to, saying he was just sitting in his uncle's car at the hospital. Mr. Bilal also stated he was waiting for his uncle to get off work to come get him and take him to the U.S. Probation Office. Mr. Bilal then reported he would just take the RTA and report to the U.S. Probation Office instead of waiting for his uncle to get there.

On December 04, 2025, this officer spoke with Mr. Bilal's cousin, Ms. Harris, who was in the hospital. Ms. Harris reported she has not seen or heard from Mr. Bilal in a few days. She then reported he only stopped up to see her in the hospital on a Saturday or Sunday (she could not recall the exact date) but advised that he did not stay with her while she was there as he previously reported. Ms. Harris was also made aware of Mr. Bilal's meeting with this officer on December 08, 2025, at 09:00 AM.

**Violation #3: Violation of Standard Condition #2: After initially reporting to the probation office, you will received instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.:** Mr. Bilal was instructed to report to the United States Pretrial Services and Probation Office on December 08, 2025; however, he failed to do so.

On December 04, 2025, this officer called Mr. Bilal and left a message for him regarding a scheduled office appointment set for December 08, 2025, at 09:00 AM. This officer also sent a text message on the same date that Mr. Bilal did not respond to regarding this appointment.

On December 05, 2025, this officer sent an email to Mr. Bilal at the email address he provided (yahyabilal328@gmail.com) during his intake, for his scheduled meeting at the U.S. Probation Office on Monday December 08, 2025, at 09:00 AM.

On December 08, 2205, Mr. Bilal failed to appear for a scheduled office visit. This officer called Mr. Bilal but his phone was shut off. Currently, this officer remains unable to contact Mr. Bilal, and his whereabouts are unknown. Mr. Bilal is believed to be in Columbus, Ohio.

**Violation #4: Whereabouts Unknown:** As of the date of this report, the U.S. Probation Officer is unable to locate Mr. Bilal.

On December 2, 2025, this officer received notice that Mr. Bilal was possibly on his way to Columbus, Ohio, to retrieve his belongings that this officer had previously discussed with him. This officer was provided with text messages that Mr. Bilal allegedly sent to a third party stating he was on his way

3

| DATE 12/11/2025 | U. S. Pretrial Services and Probation Office Northern District of Ohio | **VIOLATION REPORT** **Warrant Request** | | PROB 12C (Rev. 11/2017) |
|---|---|---|---|---|
| NAME BILAL, Yahya | | PACTS 366856 | JUDGE NUGENT | DOCKET # 1:20CR00458-001 |

and made plans to meet in the Southern District of Ohio without permission. This officer called Mr. Bilal and asked him where he was at. Mr. Bilal did get quiet, took a minute to verbally respond, and then stated he was in Akron with his on. This officer could hear Mr. Bilal was in a moving vehicle. This officer directed Mr. Bilal to send his location via his cell phone as proof that he was not outside of the Northern District of Ohio. Mr. Bilal then hung up on this officer and ignored multiple phone calls, text messages, and facetime calls. During certain points of this officer's attempts to contact Mr. Bilal, as well as Supervisory Officer Truxall's attempt, Mr. Bilal shut off his phone. Mr. Bilal did read the first location request that was sent to him but refused to provide his location. The probation officer has not ben able to make contact with Mr. Bilal since that time. Calls to collateral contacts have been unsuccessful.

**Employment Stability:** While Mr. Bilal was residing in the Southern District of Ohio, he was working at Elite National Building Services, LLC, located at 592 Hanford Street, Columbus, Ohio 43206. This was verified by viewing the paycheck he sent to his former probation officer. The former officer stated she received an anonymous call from an employee who advised Mr. Bilal was harassing her at work and shortly thereafter, Mr. Bilal left the company. Mr. Bilal then gained employment at Express Employment Professionals, located at 4207 East Broad Street, Suite A, Whitehall, Ohio 43213. There was no provided start date, but the termination date was noted as November 16, 2025. When Mr. Bilal returned to the Northern District of Ohio, he was unemployed and stated he was interested in enrolling in school. This officer also encouraged Mr. Bilal to seek at minimum part time employment as he was not going to have money to support himself if he remained unemployed.

**Residential Stability:** From July 17, 2025, to November 21, 2025, Mr. Bilal was supervised in the Southern District of Ohio. Upon recommencing supervision, Mr. Bilal resided with his significant other at 6367 Rippey Circle, Reynoldsburg, Ohio 43068. This apartment is rented by Lakeesha White, the now ex-girlfriend of Mr. Bilal. Mr. Bilal resided at this residence from the time he recommenced supervised release until November 18, 2025. On November 21, 2025, Mr. Bilal was approved to reside at his cousin's apartment located at 1435 East Boulevard, #114, Cleveland, Ohio 44106. In the apartment is his cousin, Ms. Harris, and her newborn. Since Mr. Bilal returned to the district, it is believed that he has not been staying at this approved residence. Mr. Bilal does have a history of leaving the district without permission to stay in Columbus and has provided a fake address to his previous employer. Per previous reports that predate Mr. Bilal's revocation, Mr. Bilal was only able to be seen with advanced notice which also supports Mr. Bilal not residing at an approved residence by the probation department.

**Mandatory Drug Testing/Substance Abuse Testing:** Mr. Bilal provided a positive drug screen on November 21, 2025, which was confirmed positive for marijuana. Mr. Bilal reported he has returned to using marijuana despite his terms of supervision stating he is not to use any illicit substances. Mr. Bilal seems to have no regard for following this condition as he has a pattern of using marijuana while on supervised release.

**Mental Health Treatment:** Prior to bring revoked, Mr. Bilal completed a co-occurring assessment through PsyCare on March 13, 2024, and no treatment was recommended at the time. While in the Southern District of Ohio, Mr. Bilal completed an initial psych evaluation on October 20, 2025, at

4

| DATE 12/11/2025 | U. S. Pretrial Services and Probation Office Northern District of Ohio | **VIOLATION REPORT** **Warrant Request** | | PROB 12C (Rev. 11/2017) |
|---|---|---|---|---|
| **NAME** BILAL, Yahya | | **PACTS** 366856 | **JUDGE** NUGENT | **DOCKET #** 1:20CR00458-001 |

Alvis, Inc., Treatment and Recovery Center. During the assessment, Mr. Bilal denied mainly everything asked, including past drug history, demonstrating he was not truthful during the process. Due to his answers, there was no recommendations for treatment. Noted in the Presentence Report, Mr. Bilal reported he was diagnosed with bipolar disorder, suffered from depression, and paranoid schizophrenia. Mr. Bilal once was prescribed medication but currently does no take anything.

**Search and Seizure:** This condition has not been used at this time.

**Driver's License and Insurance:** As of December 09, 2025, Mr. Bilal's license remains suspended. Mr. Bilal currently has a warrant block from Stow Municipal Court in case 2D16305. There is a listed judgment suspension with an offense date of November 03, 2012, with an indefinite suspension, which also required a payment agreement or release required for damages in the amount of $19,592.55. Mr. Bilal has made no progress in obtaining his license or insurance.

**DNA:** Mr. Bilal provided DNA on January 08, 2015 (DNA # HAZ05510).

**Plan of Action**: This officer is respectfully requesting a Warrant be issued due to Mr. Bilal's ongoing noncompliance and unknown whereabouts.

Pursuant to *U.S. v. Booker and U.S. v Fanfan*, the following United States Sentencing Guideline applications are being provided to the Court solely for advisory purposes.

**SENTENCING OPTIONS**
**Statutory Provisions:** If the person under supervision violates a condition of supervised release, the Court may extend the term of supervised release and may modify, reduce or enlarge the conditions, 18 U.S.C. § 3583(e)(2) or revoke the term of supervised release, 18 U.S.C. § 3583(e)(3), or place a person under supervision under electronic monitoring (only as a special condition), 18 U.S.C. § 3583(e)(4).

The PROTECT Act, which went into effect April 30, 2003, allows no adjustment for prison time for any previous revocation of supervised release. The permissible length of a new term of supervised release (TSR) is the authorized term of supervised release for the original offense minus the custody term imposed for any revocation. No credit is given for street time.

If the Court finds that the person under supervision has violated a condition of supervised release and decides to impose a term of imprisonment, it must consider, but can disregard, the policy statements in effect on the date the person under supervision is sentenced, 18 U.S.C. § 3553(a)(4)(B) and impose a sentence of imprisonment up to the statutory maximum. The Statutory Maximum in this case is 2 years, as the offense of conviction is a Class C felony.

If the Court revokes supervised release and imposes a term of imprisonment that is less than the statutory maximum term of supervised release, it may, pursuant to 18 U.S.C. § 3583(h), reimpose a term of supervised release. As the offense of conviction is a Class C felony, the term of supervised release shall not exceed 3 years, 18 U.S.C. § 3583(b)(2), less any term of imprisonment imposed upon revocation, 18 U.S.C. §3583(h). ***However, as a result of the prior revocation (60 days custody), the term of supervised release shall not exceed 34 months, less any term of***

5

| DATE<br>12/11/2025 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>BILAL, Yahya | | PACTS<br>366856 | JUDGE<br>NUGENT | DOCKET #<br>1:20CR00458-001 |

*imprisonment imposed.*

**Guidelines Provisions:** Application of policy statements found in Chapter 7 of the Guideline Manual result in a revocation range of imprisonment of 7 to 13 months, USSG. § 7C1.5. The range of imprisonment is based on the most serious violation alleged being a Grade C violation, USSG. § 7C1.1 and the person under supervision having a Criminal History Category of V, USSG. § 7C1.5, Application Note 1.

Pursuant to USSG §7C1.3(a), upon receiving a report that the person under supervision is in non-compliance with a condition of supervised release, the court should conduct an individualized assessment to determine what response, if any, is appropriate; (b) upon a finding of a violation for which revocation is required by statute (see 18 U.S.C. § 3583(g)), the court shall revoke supervised release. Upon a finding of any other violation, the court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is *generally* appropriate for a Grade A violation, *often* appropriate for a Grade B violation, and *may be* appropriate for a Grade C violation.

Pursuant to USSG §7C1.4(a), in the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5 (Term of Imprisonment—Supervised Release (Policy Statement)); (b) any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the person under supervision is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

If the Court revokes supervised release and imposes a term of imprisonment, it may reimpose up to 34 months of supervised release, less any term of imprisonment imposed upon revocation of supervised release, USSG § 7C1.4(c). The court should state on the record the reasons for the length of the term imposed. A Violation Worksheet is attached.

Pursuant to USSG §7C1.6(a), upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for time previously served on post release supervision. See 18 U.S.C. § 3583(e)(3); (b) provided, that in the case of a person serving a period of supervised release on a foreign sentence under the provisions of 18 U.S.C. § 4106A, credit shall be given for time on supervision prior to revocation, except that no credit shall be given for any time in escape or absconder status.

This completes the text of the report. Proceed to the signature page.

| I declare under penalty of perjury that the foregoing is true and correct.<br>U.S. PRETRIAL SERVICES & PROBATION OFFICER<br><br>*[signature]*<br><br>**Meredith Longstreet**<br>216-272-4155 | DISTRIBUTION<br><br>COURT          CPO |
|---|---|

6

| DATE<br>12/11/2025 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br><br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>BILAL, Yahya | | PACTS<br>366856 | JUDGE<br>NUGENT | DOCKET #<br>1:20CR00458-001 |
| SUPERVISING U.S. PRETRIAL SERVICES & PROBATION OFFICER<br><br>*Jennifer Truxall*<br><br>Jennifer Truxall<br>216-357-7354 | | | PROBATION ROUTING<br><br>Data Entry        Data Collections | |

## RECOMMENDING TO THE COURT

☒      To issue a Warrant

## THE COURT ORDERS:

☒      The issuance of a Warrant.

☐      The issuance of a Summons.

☐      The request is denied.

☐      Supervision to be Continued.

☐      The referral of this case to the Magistrate Judge as designated by the Clerk's Office to conduct the appropriate proceedings, except for sentencing, if sentencing is necessary. If a revocation hearing is required, the assigned Magistrate Judge is to conduct the hearing and then file a report and recommendation.

        **Magistrate Judge Assigned** __    Choose an item.

☐      Alternative Judicial Order (Please Specify)

_s/Donald C. Nugent_      12/11/2025

**Signature of Judicial Officer**      **Date**

8